UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOCIETY OF THE HOLY TRANSFIGURATION MONASTERY, INCORPORATED,<br><br>*Plaintiff,*<br><br>v.<br><br>ARCHBISHOP GREGORY OF DENVER, COLORADO,<br><br>*Defendant.* | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

For its Complaint, Plaintiff Holy Transfiguration Monastery alleges as follows:

## The Parties

1. The Plaintiff Society of the Holy Transfiguration Monastery, Incorporated ("the Monastery") is a non-profit corporation incorporated under the laws of the Commonwealth of Massachusetts.

2. Upon information and belief, Defendant Archbishop Gregory of Colorado ("the Defendant") has a principal place of residence in Buena Vista, Colorado with a mailing address of Post Office Box 3177, Buena Vista, CO 81211.

## Jurisdiction and Venue

3. The Court has jurisdiction over Defendant where Defendant maintains and publishes content on a website that is continuously available to Massachusetts residents, with the knowledge that such website has and continues to cause tortious injury within Massachusetts to Plaintiff, a Massachusetts resident.

4. The Court has exclusive subject matter jurisdiction over the copyright claims in this Complaint under 28 U.S.C. § 1331 and 1338(a) and 17 U.S.C. § 301(a). The Court has subject matter over the other claims in this Complaint under 28 U.S.C. § 1367.

5. Venue is proper in this jurisdiction and district under 28 U.S.C. §§ 1391(c).

**Factual Allegations**

6. Plaintiff is a community of religiously devoted members of an Eastern Orthodox Order located at 278 Warren Street, Brookline, MA 02445.

7. Plaintiff's community was founded in 1960 in Haverhill, Massachusetts, and consists of a group of monks living in obedience to an abbot.

8. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "The Great Horologion" ("the Great Horologion Work") that comprises an English translation of original church Greek language texts with additional textual material.

9. The Monastery expended time, intellectual effort, and capital to create the Great Horologion Work. The Monastery first published the Great Horologion Work on October 15, 1997.

10. The Great Horologion Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

11. The Monastery registered the copyright in and to the Great Horologion Work under U.S. Copyright Registration No. TX 4-757-802, which issued on December 3, 1997. Attached hereto as Exhibit A is a copy of Registration No. TX 4-757-802.

12. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "Collected Dismissal Hymns, Kontakia, and

Megalynaria for the Liturgical Year" ("the Collected Dismissal Hymns Work") that comprises an English translation of original church Greek language texts.

13. The Monastery expended time, intellectual effort, and capital to translate, edit, compile and supplement with original material the Collected Dismissal Hymns Work. The Collected Dismissal Hymns Work has not been published.

14. The unpublished Collected Dismissal Hymns Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

15. The Monastery registered the copyright in and to the unpublished Collected Dismissal Hymns Work under U.S. Copyright Registration No. TXu 309-242 which issued on December 10, 1987. Attached hereto as Exhibit B is a copy of Registration No. TXu 309-242.

16. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "Pentecostarion" ("the Pentecostarion Work") that comprises an English translation of an original church Greek language text.

17. The Monastery expended time, intellectual effort, and capital to translate, edit, and typeset the Pentecostarion Work. The Pentecostarion Work was published on May 23, 1990.

18. The Pentecostarion Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

19. The Monastery registered the copyright in and to the unpublished Pentecostarion Work under U.S. Copyright Registration No. TXu 243-197 which issued on June 24, 1986. Attached hereto as Exhibit C is a copy of Registration No. TXu 243-197.

20. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "A Prayer Book for Orthodox Christians" ("the

Prayer Book Work") that comprises an English translation of a number of original church Greek language texts with additional textual material.

21. The Monastery expended time, intellectual effort, and capital to translate, edit, compile, and typeset the Prayer Book Work. The Prayer Book Work was published on July 1, 1988.

22. The Prayer Book Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

23. The Monastery registered the copyright in and to the Prayer Book Work under U.S. Copyright Registration No. TX 2-455-908 which issued on November 16, 1988. Attached hereto as Exhibit D is a copy of Registration No. TX 2-455-908.

24. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "Octoëchos" ("the Octoëchos Work") that comprises an English translation of an original church Greek language text.

25. The Monastery expended time, intellectual effort, and capital to translate and edit the Octoëchos Work. The Octoëchos Work has not been published.

26. The unpublished Octoëchos Text constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

27. The Monastery registered the copyright in and to the unpublished Octoëchos Work under U.S. Copyright Registration No. TXu 243-214 which issued on June 24, 1986. Attached hereto as Exhibit E is a copy of Registration No. TXu 243-214.

28. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "The Psalter" ("the Psalter Work") that comprises an English translation of an original church Greek language text with textual additions.

4

29. The Monastery expended time, intellectual effort, and capital to translate, edit, and typeset the Psalter Work. The Psalter Work was published on May 17, 1974.

30. The Psalter Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

31. The Monastery registered the copyright in and to the Psalter Work under U.S. Copyright Registration No. TX 1-761-132 which issued on February 24, 1986. Attached hereto as Exhibit F is a copy of Registration No. TX 1-761-132.

32. Among the tasks undertaken by the Monastery in furtherance of its mission and purpose was the creation of a work entitled "The Ascetical Homilies of Saint Isaac the Syriac" ("the St. Isaac Work") that comprises an English translation of original Syriac and Greek language texts with additional textual material.

33. The Monastery expended time, intellectual effort, and capital to translate, edit, and typeset the St. Isaac Work. The St. Isaac Work was published on November 25, 1985.

34. The St. Isaac Work constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

35. The Monastery registered the copyright in and to the St. Isaac Work under U.S. Copyright Registration No. TX 1-725-116 which issued on January 3, 1986. Attached hereto as Exhibit G is a copy of Registration No. 1-725-116.

36. Defendant was formerly a monk in the Monastery. He was not ordained as a priest and he left the Monastery in 1978.

37. Upon information and belief, Defendant had access to the entire Psalter Work, and to unpublished draft versions of parts or all of the Great Horologion Work, the Collected

Dismissal Hymns Work, the Pentecostarion Work, the Prayer Book Work, and the Octoëchos Work, during his time with the Monastery in Massachusetts.

38. In 2006, the Monastery filed a lawsuit in the United States District Court for the District of Michigan against Defendant and Sheridan Books, Inc. alleging claims of copyright infringement.

39. In a Settlement Agreement dated July 24, 2006 (the "Settlement Agreement"), Defendant represented and warranted that he, "either personally or through his associate and agents, has not copied, duplicated, transcribed, reproduced, replicated, or infringed in any manner the St. Isaac Work and that no copy, duplicate, transcript, reproduction or replica, of any portion of the St. Isaac Work has been or will be printed or published by or for [Defendant] and that [Defendant] asserts that he does not have any knowledge of the existence of any copy, duplicate, transcript, reproduction, or replica or any portion of the St. Isaac Work in any medium, and will not assist in the creation of copy, duplicate, transcript, reproduction or replica of the St. Isaac Work in any medium, at any time in the future."

40. In the Settlement Agreement, Defendant also agreed to "cease and desist from all alleged infringing activities, including, without limitation, copying, duplicating, transcribing, reproducing or replicating, printing or publishing in any manner, any portion of the Works" including the St. Isaac Work.

41. In the Settlement Agreement Defendant also agreed that in the event he is found to be in breach of the Settlement Agreement he "shall pay any other necessary party's reasonable attorney's fees, plus costs."

42.     The Great Horologion Work, the Collected Dismissal Hymns Work, the Pentecostarion Work, the Prayer Book Work, the Octoëchos Work, the Psalter Work, and the St. Isaac Work are referred to collectively hereinafter as "the Copyrighted Works."

43.     The Monastery has not authorized Defendant to reproduce, publish, distribute, or otherwise use the Copyrighted Works.

44.     Defendant is the owner of the registered domain name *www.trueorthodoxy.info* ("the Website"), which he uses to publish webpages which can be accessed freely by any person, including residents of Massachusetts.  Attached hereto as Exhibit H is a copy of the whois.net record for the domain name *www.trueorthodoxy.info*, listing Defendant as the owner of record of this Website.

45.     Defendant has reproduced and continues to reproduce copies of numerous Works on his Website which comprise texts that are identical or near-identical unauthorized reproductions, in whole or in part, of the Monastery's Copyrighted Works, and has made these infringing Works freely available for download by any person, including residents of Massachusetts, all without the Monastery's permission and, as concerns the St. Isaac Work, against the express representations and warranties made by Defendant in the Settlement Agreement.

## COUNT ONE - Copyright Infringement

46.     Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 45, above.

47.     The Monastery owns the registered copyright in and to the Copyrighted Works. The Monastery has at no time relinquished ownership of its copyright in the Copyrighted Works.

48. Defendant has reproduced and continues to reproduce on his Website identical or near-identical reproductions, in whole or in part, of the Monastery's Copyrighted Works without permission of the Monastery.

49. The acts of Defendant constitute copyright infringement of the Copyrighted Works under 17 U.S.C. §§ 106 and 501, et seq.

50. Defendant will continue to infringe the Monastery's Copyrighted Works unless permanently enjoined by this Court.

51. The Monastery has been and continues to be damaged by Defendant's acts of infringement, and is entitled to a permanent injunction and an award of its actual damages and any profits of Defendant under 17 U.S.C. §§ 502, 504(a)(1), and 504(b).

52. Upon information and belief, the infringing acts of Defendant were undertaken and/or continue with knowledge of the Monastery's rights and without any good faith basis in law or fact that Defendant's actions were legal, thus Defendant's infringing acts were committed willfully and with reckless disregard of Plaintiff's known rights.

### **COUNT TWO – Breach of Contract**

53. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 51, above.

54. In the Settlement Agreement with Defendant, Defendant represented and warranted that he "either personally or through his associate and agents, has not copied, duplicated, transcribed, reproduced, replicated, or infringed in any manner the St. Isaac Work and that no copy, duplicate, transcript, reproduction or replica, of any portion of the St. Isaac Work has been or will be printed or published by or for [Defendant] and that [Defendant] asserts that he does not have any knowledge of the existence of any copy, duplicate, transcript,

reproduction, or replica or any portion of the St. Isaac Work in any medium, and will not assist in the creation of copy, duplicate, transcript, reproduction or replica of the St. Isaac Work in any medium, at any time in the future."

55. Despite such express representations and warranties, Defendant has reproduced and continues to reproduce on his Website an identical or near-identical reproduction of a portion of the St. Isaac Work without permission of the Monastery.

56. The acts of Defendant constitute breach of contract.

57. The Monastery has been and continues to be damaged by Defendant's breach, and is entitled to an award of its actual damages and any profits of Defendant, including the Monastery's reasonable attorney's fees and costs.

58. Upon information and belief, the acts of Defendant were undertaken and/or continue with knowledge of the Monastery's rights and without any good faith basis in law or fact that Defendant's actions were legal, thus Defendant's acts were committed willfully and with reckless disregard of Plaintiff's known rights and in willful contravention of the terms of the Settlement Agreement between the parties.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff respectfully prays that this Court:

(1) Enter judgment in favor of Plaintiff and against Defendant on each of the counts in the Complaint;

(2) Find that Defendant acted willfully and with reckless disregard for the rights of Plaintiff;

(3) Preliminarily and permanently enjoin Defendant from reproducing, publishing, posting, copying, offering to copy, or otherwise distributing Plaintiff's Copyrighted Works, including all versions thereof;

(4) Order the Defendant to account for and pay to Plaintiff all gains, profits and savings derived from his acts of infringement;

(5) Award Plaintiff its damages, in addition to Defendant's profits, as a result of Defendant's acts of infringement;

(6) In the alternative, and if Plaintiff so elects, award Plaintiff statutory damages in the amount of $150,000 per each of the Copyrighted Works infringed by Defendant, on account of Defendant's willfulness.

(7) Order Defendant to deliver up and surrender to Plaintiff all copies of Plaintiff's Copyrighted Works and any other infringing materials for destruction;

(8) Award Plaintiff such other relief as the Court deems just and equitable, including attorneys' fees.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable thereby.

Dated: December 28, 2007
/s/ Amy L. Brosius
Amy L. Brosius (BBO # 656521)
Mark A. Fischer (BBO # 167100)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
P (617) 542-5070
F (617) 542-8906

*Attorneys For Plaintiff, Society of The Holy Transfiguration Monastery, Inc.*

21798614.doc