# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Civil Action No. 1:07-cv-12387-RGS | ) |
| | ) |
| SOCIETY OF THE HOLY TRANSFIGURATION MONASTERY, INCORPORATED, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARCHBISHOP GREGORY OF DENVER, COLORADO, | ) ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Archbishop Gregory (the "Archbishop"), by and through his undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Complaint of the Society of the Holy Transfiguration Monastery, Incorporated (the "Plaintiff").

### I.   FIRST DEFENSE

1.   In response to the averments of paragraph 1 of the Complaint, the Archbishop is without knowledge or information to admit or deny such averments.

2.   In response to the averments of paragraph 2 of the Complaint, the Archbishop admits that he lives near Buena Vista, Colorado and that his mailing address is set forth directly. The Archbishop denies the remaining averments of paragraph 2 of the Complaint.

3.   The averments of paragraph 3 of the Complaint are legal conclusions to which no

169090

response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

4. The averments of paragraph 4 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

5. The averments of paragraph 5 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

6. In response to the averments of paragraph 6 of the Complaint, the Archbishop denies that the Plaintiff is a religiously devoted member of the Eastern Orthodox Church, the Plaintiff's membership having been severed when they were suspended in 1986 by the Eastern Orthodox Church hierarchs of the Russian Orthodox Church Abroad (the "ROCA") of which the Plaintiff was a member and to whom the Plaintiff had vowed allegiance and to which the Plaintiff had obtained the vast majority of its priestly ranks. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 6 of the Complaint.

7. In response to the averments of paragraph 7 of the Complaint, the Archbishop admits that an order of Eastern Orthodox monks calling itself the Society of the Holy Transfiguration (the "Society") was founded in the early 1960's in Haverhill, Massachusetts. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 7 of the Complaint including knowledge or information as to whether the community as founded in Haverhill continued and became the Plaintiff.

8. In response to the averments of paragraph 8 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the

Orthodox Church for the ROCA including the Great Horologion Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 8 of the Complaint.

9. In response to the averments of paragraph 9 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort on behalf of the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 9 of the Complaint.

10. In response to the averments of paragraph 10 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the Great Horologian Work. The remaining averments of paragraph 10 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

11. In response to the averments of paragraph 11 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 11 of the Complaint inconsistent with the registration attached as Exhibit A.

12. In response to the averments of paragraph 12 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the Orthodox Church for the ROCA including the Collected Dismissal Hymns Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 12 of the Complaint.

13. In response to the averments of paragraph 13 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 13 of the Complaint.

14. In response to the averments of paragraph 14 of the Complaint, the Archibishop denies that the Plaintiff is the owner of the Collected Dismissal Hymns Work. The remaining averments of paragraph 14 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

15. In response to the averments of paragraph 15 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 15 of the Complaint inconsistent with the registration attached as Exhibit B.

16. In response to the averments of paragraph 16 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the Orthodox Church for the ROCA including the Pentecostarian Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 16 of the Complaint.

17. In response to the averments of paragraph 17 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 17 of the Complaint.

18.     In response to the averments of paragraph 18 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the Pentecostarion Work. The remaining averments of paragraph 18 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

19.     In response to the averments of paragraph 19 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 19 of the Complaint inconsistent with the registration attached as Exhibit C.

20.     In response to the averments of paragraph 20 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the Orthodox Church for the ROCA including the Prayer Book Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 20 of the Complaint.

21.     In response to the averments of paragraph 21 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 21 of the Complaint.

22.     In response to the averments of paragraph 22 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the Prayer Book Work. The remaining averments of paragraph 22 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

23.     In response to the averments of paragraph 23 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of

paragraph 23 of the Complaint inconsistent with the registration attached as Exhibit D.

24. In response to the averments of paragraph 24 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the Orthodox Church for the ROCA including the Octoëchos Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 24 of the Complaint.

25. In response to the averments of paragraph 25 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 25 of the Complaint.

26. In response to the averments of paragraph 26 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the Octoëchos Work. The remaining averments of paragraph 26 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

27. In response to the averments of paragraph 27 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 27 of the Complaint inconsistent with the registration attached as Exhibit E.

28. In response to the averments of paragraph 28 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Greek language texts of the Orthodox Church for the ROCA including the Psalter Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or

information sufficient to admit or deny the remaining averments of paragraph 28 of the Complaint.

29. In response to the averments of paragraph 29 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 29 of the Complaint.

30. In response to the averments of paragraph 30 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the Psalter Work. The remaining averments of paragraph 30 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

31. In response to the averments of paragraph 31 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 31 of the Complaint inconsistent with the registration attached as Exhibit F.

32. In response to the averments of paragraph 32 of the Complaint, the Archbishop admits that the Society prior to 1986 translated into English various ancient Syriac and Greek language texts of the Orthodox Church for the ROCA including the St. Isaac Work as part of the Society's mission and purpose, all for the benefit of the Church and within the framework of service to the ROCA from which the Society derived its canonical existence. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 32 of the Complaint.

33. In response to the averments of paragraph 33 of the Complaint, the Archbishop admits that the Society expended time and intellectual effort for the ROCA. The Archbishop is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 33 of the Complaint.

34.　　In response to the averments of paragraph 34 of the Complaint, the Archbishop denies that the Plaintiff is the owner of the St. Isaac Work. The remaining averments of paragraph 34 of the Complaint are legal conclusions to which no response is necessary. To the extent such averments can be deemed averments of fact, the Archbishop denies such averments.

35.　　In response to the averments of paragraph 35 of the Complaint, the Archbishop states that the Plaintiff's copyright registration speaks for itself. The Archbishop denies any averments of paragraph 35 of the Complaint inconsistent with the registration attached as Exhibit F.

36.　　In response to the averments of paragraph 36 of the Complaint, the Archbishop admits that he left the Plaintiff with the permission of his superiors to start a skete in Colorado. The Archbishop denies the remaining averments of paragraph 36 of the Complaint.

37.　　In response to the averments of paragraph 37 of the Complaint, the Archbishop is without knowledge or information as to what specific items he had access to thirty years ago. However, the items presented on trueorthodoxy.info were not obtained from the Plaintiff.

38.　　The Archbishop admits the averments of paragraph 38 of the Complaint.

39.　　In response to the averments of paragraph 39 of the Complaint, the Archbishop states that the Settlement Agreement speaks for itself. The Archbishop denies any averments of paragraph 39 of the Complaint inconsistent with the Settlement Agreement.

40.　　In response to the averments of paragraph 40 of the Complaint, the Archbishop states that the Settlement Agreement speaks for itself. The Archbishop denies any averments of paragraph 40 of the Complaint inconsistent with the Settlement Agreement.

41.　　In response to the averments of paragraph 41 of the Complaint, the Archbishop states that the Settlement Agreement speaks for itself. The Archbishop denies any averments of paragraph 41 of the Complaint inconsistent with the Settlement Agreement.

42.  The averments of paragraph 42 of the Complaint do not contain any averments of fact. To the extent that the averments of paragraph 42 of the Complaint contain any averments of fact, the Archbishop denies such averments.

43.  In response to the averments of paragraph 43 of the Complaint, the Archbishop denies that the Plaintiff's permission is needed to use the Copyrighted Works in the manner that he has used such works.

44.  In response to the averments of paragraph 44 of the Complaint, the Archbishop states that his website, Exhibit H, speaks for itself. The Archbishop denies any averment in paragraph 44 of the Complaint inconsistent with Exhibit H.

45.  In response to the averments of paragraph 45 of the Complaint, the Archbishop admits that he makes his website available to residents of Massachusetts and others and that he has not sought the permission of the Plaintiff. In response to the remaining averments of paragraph 45 of the Complaint, the Archbishop states that his website speaks for itself and denies any averment of paragraph 45 inconsistent with such website. The Archbishop also denies that he needed the Plaintiff's permission.

46.  In response to the averments of paragraph 46 and 53 of the Complaint, the Archbishop incorporates all responses contained herein.

47.  The Archbishop denies the averments of paragraphs 47, 49, 50, 51, 52, 56, 57 and 58 of the Complaint.

48.  In response to the averments of paragraphs 48 and 55 of the Complaint, the Archbishop admits that the Works, including a portion of the St. Isaac work were available on his website. The Archbishop denies that he needed the Plaintiff's permission to use works of the ROCA and denies any remaining allegation of paragraphs 48 and 55 of the Complaint.

49.     In response to the averments of paragraph 54 of the Complaint, the Archbishop states that the Settlement Agreement speaks for itself.  The Archbishop denies any allegation that is inconsistent with the Settlement Agreement.

50.     The Archbishop denies any averment in the Complaint not specifically addressed.

## II.     SECOND DEFENSE

The Court lacks subject matter jurisdiction in that the First Amendment to the United States Constitution prohibits a civil court from intervening in, among other things, disputes regarding religious doctrine, discipline and government.

## III.     AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Society, which the Plaintiff apparently claims an affiliation, prepared all of the works at issue as works made for hire for the ROCA.  As such, the Plaintiff lacks standing to bring any claims against the Archbishop.

### SECOND AFFIRMATIVE DEFENSE

The Archbishop left the Plaintiff only with one service called the Great Compline.  The Archbishop has collected the various works that the Plaintiff claims copyright from the ROCA and other clergy.  The materials that the Archbishop obtained did not indicate that they were copyrighted material nor did these materials indicate they were the property of the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Archbishop has made fair use of the works at issue within the meaning of 17 U.S.C. § 107 in that the purpose of placing the material on the website was to report, teach and otherwise promote scholarship.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.  In particular, the Society allowed the works to enter into the public domain without any copyright notices prior to the Plaintiff seeking copyright registration and/or claiming copyright.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.  In particular, the Society allowed the works to enter into the public domain without any copyright notices prior to the Plaintiff seeking copyright registration and/or claiming copyright.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.  In particular, the Society allowed the works to enter into the public domain without any copyright notices prior to the Plaintiff seeking copyright registration and/or claiming copyright.

### EIGHTH AFFIRMATIVE DEFENSE

In the Settlement Agreement, the Archbishop only "acknowledge[d] to the best of [his] knowledge, information and belief that the [Plaintiff] is the owner of the copyrights . . ." for the St Isaac Work.  The Archbishop has since learned that the Plaintiff may not claim a copyright in the work of St. Isaac for the reasons set forth herein.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff, prior to obtaining its copyrights, allowed all of the works to be disseminated in the public domain without copyright notices.  As such, the Plaintiff may not claim copyright in such works nor may the Plaintiff claim statutory damages or attorneys' fees and costs.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's equitable claims are barred by the doctrine of unclean hands.

WHEREFORE, The Archbishop requests that the Complaint be dismissed with prejudice, that the Plaintiff's copyright registrations be cancelled, that the Archbishop be awarded its attorneys' fees and costs pursuant to 17 U.S.C. § 505 or other applicable rule or statute and that the Court take such other and further action as it deems just and proper in the premises.

Respectfully submitted this 24th day of April, 2008.

    Defendant, Archbishop Gregory of
    Denver Colorado
    BY LOCAL COUNSEL:

    /S/ Richard J. Bombardo
    Richard J. Bombardo, Esq. (BBO# 633161)
    Eleven Beacon Street, Suite 625
    Boston, MA 02108
    (617) 742-0575

    /S/ Neil S. Cohen
    Neil S. Cohen, Esq. (BBO#561173)
    **Neil S. Cohen, P.C.**
    Eleven Beacon Street, Suite 625
    Boston, MA 02108
    (617) 367-0070

    BY LEAD COUNSEL:

    /S/ Harold R. Bruno, III
    Harold R. Bruno, III, Esq. (Co. Bar #14945)
    **Robinson Waters & O'Dorisio, P.C.**

           1099 18th Street, Suite 2600
           Denver, Colorado  80202
           Telephone:  (303) 297-2600

           <u>/S/ Chris L. Ingold</u>
           Chris L. Ingold, Esq. (Co. Bar No. 28684)
           **Irwin & Boesen, P.C.**
           One Cherry Center, Suite 500
           501 South Cherry Street
           Denver, CO 80246

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2008, I served a true and correct copy of the foregoing electronically via CM/ECF on the following:

Amy L. Brosius, Esq.
Mark A. Fisher, Esq.
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110

           <u>/S/ Neil S. Cohen, Esq.</u>

169425           13