UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12387-RGS

SOCIETY OF THE HOLY
TRANSFIGURATION MONASTERY,
INCORPORATED

v.

ARCHBISHOP GREGORY
OF DENVER, COLORADO

MEMORANDUM AND ORDER ON
PLANTIFF'S MOTIONS FOR PERMANENT INJUNCTION AND ATTORNEYS' FEES

February 8, 2011

STEARNS, D.J.

This case involves a dispute over the copyrights to English language translations of several ancient Greek religious texts. Society of the Holy Transfiguration Monastery, Inc. (the Monastery), alleges that Archbishop Gregory of Denver, Colorado (the Archbishop) has infringed the copyrights that it owns in the contested religious texts. On December 3, 2010, following a second round of briefing, the court granted the Monastery's motion for summary judgment. The court gave the Monastery the option of proceeding to trial on the issue of damages, or electing the minimum amount of statutory damages ($5,250) and any appropriate injunctive relief. On December 17, 2010, the Monastery filed a motion electing statutory damages and requesting a permanent injunction. The Monastery subsequently filed a motion for attorneys' fees. The Archbishop opposed both motions.

The Copyright Act explicitly authorizes injunctive relief for copyright infringement:

"Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A finding of liability for copyright infringement, combined with the threat of future infringement, justifies the imposition of a permanent injunction." Cipes v. Mikasa, Inc., 404 F. Supp. 2d 367, 371 (D. Mass. 2005). See also United States v. Mass. Water Res. Auth., 256 F.3d 36, 51 n.5 (1st Cir.2001) ("At least with respect to some statutory injunction provisions . . . when Congress decides to make available the remedy of injunction for violations of a statute's substantive provisions, irreparable injury is presumed to flow from such violations.").

In the December 3, 2010 Memorandum and Order, the court determined that the Archbishop is liable for copyright infringement. The court finds that a threat of future infringement remains, in light of the repeated current and past acts of infringement by the Archbishop. Thus, the court will grant the Monastery's motion for a permanent injunction.

Whether to award attorneys' fees is a matter for the court's discretion. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "There is no precise rule or formula for making these [fee award] determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." Id. at 534 (non-exclusive factors that may guide a court's discretion in awarding attorneys' fees include frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence "so long as [they] are faithful to the purposes of the Copyright Act." Id. at 534 n.19 (internal citations omitted)).

The focus in awarding a fee is not on the bill submitted or the amount in controversy, but several factors including "'the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.'" Berman v. Linnane, 434, Mass. 301, 303 (2001), quoting Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). The court is not required to allow or disallow each item of a submitted bill, but may consider the bill as a whole. Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 431 (2005) (stressing the obligation to submit precise details as to the hours spent and the nature of the work performed). The award of costs is also discretionary. Berman, 434 Mass. at 303.

The court has considered all of the relevant factors, including the hourly rates charged by counsel the court deems highly capable. The court also takes note of the fact that the Monastery is not seeking a fee award for the entire number of hours expended, but in fact substantially less. The Monastery requests an award of only those fees that it actually paid counsel during the first six months of litigation, before counsel agreed to continue with the case on a pro bono basis after the Monastery encountered financial difficulty. The court finds the Monastery's request more than reasonable. Therefore, the court will grant the Monastery's motion for attorneys' fees. The court further adopts the proposed form of judgment including the injunctive order, statutory damages in the amount of $5,250.00, attorneys' fees in the amount of $50,638.24, and costs in the amount of

3

$9,121.50.

ORDER

For the foregoing reasons, the Monastery's election of statutory damages and motion for permanent injunction is ALLOWED, and the Monastery's motion for attorneys' fees is ALLOWED.

SO ORDERED.

s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12387-RGS

SOCIETY OF THE HOLY

TRANSFIGURATION MONASTERY,

INCORPORATED

v.

ARCHBISHOP GREGORY OF DENVER,

COLORADO

February 8, 2011

<u>JUDGMENT INCLUDING PERMANENT INJUNCTION</u>

The court, having granted plaintiff Holy Transfiguration Monastery, Inc.'s (the Monastery's) motions for summary judgment, HEREBY ENTERS JUDGMENT in favor of the Monastery and against Archbishop Gregory on the claims of infringement of the Monastery's copyrights and breach of contract.

It is ORDERED that Archbishop Gregory and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the injunction are hereby restrained and enjoined from infringing the Monastery's copyrights by reproducing, publishing, posting or displaying on a website, copying, offering to copy, and/or otherwise distributing the Monastery's copyrighted works, specifically, the St. Isaac Work (Reg. No. TX 1-725-116), Psalter Work (Reg. Nos. A 637792 & TX 1-761-132), Prayer Book Work (Reg. No. TX 2-455-908), Horologion Work (Reg. No. TX 4-757-802), Pentecostarion Work (Reg. No. TXu 243-197), Dismissal Hymns Work (Reg. No. TXu 309-242), and Octoëchos Work (Reg. No. TXu243-214), as well as all other current and future copyrighted works of the Monastery.

It is further ORDERED that the defendant Archbishop Gregory shall, within 30 days of this judgment, surrender to the Monastery and/or destroy all unauthorized copies the St. Isaac Work (Reg. No.TX 1-725-116), Psalter Work (Reg. Nos. A 637792 & TX 1-761-132), Prayer Book Work (Reg. No. TX 2-455-908), Horologion Work (Reg. No. TX 4-757-802), Pentecostarion Work (Reg. No. TXu 243-197), Dismissal Hymns Work (Reg. No. TXu 309- 242), and Octoëchos Work (Reg. No. TXu243-214) in his possession, custody, and/or control.

This injunction shall be deemed to have been served upon the defendant Archbishop Gregory at the time of its execution by the court.

The court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this injunction.

It is further ORDERED that the Monastery recover statutory damages from the defendant Archbishop Gregory the amount of $5,250.00.

It is further ORDERED that the Monastery recover from the defendant Archbishop Gregory costs in the amount of $9,121.50.

It is further ORDERED that the Monastery recover from the defendant Archbishop Gregory attorneys' fees in the amount of $50,638.24.

It is further ORDERED that post-judgment interest after today's date shall be awarded on the total amount of the judgment here rendered pursuant to 28 U.S.C. § 1961.

This judgment finally disposes of all parties and claims and is appealable.

/s/ Richard G. Stearns

Date: February 8, 2011_____
The Honorable Richard G. Stearns
United States District Judge